**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**GILBERTO D. HERNANDEZ, JR. #426162,**
        **Plaintiff,**

**-vs-**
                                              **Case No.  A-07-CA-885-LY**

**SHARON KELLER, LAWERENCE E. MYERS,
TOM PRICE, PAUL WOMACK, CHERYL
JOHNSON, MIKE KEASLER, BARBARA R.
HERVEY, CHARLES R. HOLCOMB, and
KATHY COCHRAN, in their official capacities as
judges at the Texas Court of Criminal Appeals, ED
SELF, in his official capacity as Judge for the
242nd District Court, CARLA CANNON, in her
official capacity as Clerk for the 242nd District
Court, PAMELA WILLIAMS, in her official
capacity as Director of Classification and Records
for the Texas Department of Criminal Justice's
Institutional Division ("TDCJ-ID"), PAMELA
WEBB, in her official capacity as Assistant
Director of Classification and Records for the
TDCJ-ID, KIM VERNON, in her official capacity
as Director for State Counsel for Offenders
("SCFO"), and JONI MOORE, in her official
capacity as an attorney at the SCFO,**
                                  **Defendants.**

---

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Lee Yeakel, United States District Judge

        The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint, memorandum of law in support thereof, and related exhibits. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

<u>STATEMENT OF THE CASE</u>

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the French Robertson Unit. Plaintiff sues Sharon Keller, Lawrence E. Myers, Tom Price, Paul Womack, Cheryl Johnson, Mike Keasler, Barbara R. Hervey, Charles R. Holcomb and Kathy Cochran (Justices of the Texas Court of Criminal Appeals), Judge Ed Self of the 242nd Judicial District of Hale County, Texas, Carla Cannon (Clerk of the 242nd Judicial District Court), Pamela Williams (Director of Classification and Records for the Texas Department of Criminal Justice - Correctional Institutions Division), Pamela Webb (Assistant Director of Classification and Records for the Texas Department of Criminal Justice - Correctional Institutions Division), Kim Vernon (Director of the State Counsel for Offenders), and Joni Moore (attorney at the State Counsel for Offenders). Plaintiff seeks "prospective declaratory and injunctive relief." Specifically, Plaintiff seeks a new review of his time credit dispute and his state application for habeas corpus relief.

Plaintiff asserts he was convicted of aggravated robbery and was sentenced to 18 years in prison. According to Plaintiff, the offense occurred on March 30, 1986. As such, Plaintiff claims he is entitled to mandatory supervision when his flat time and good time credits equal 100% of his sentence. While in prison, Plaintiff committed the additional offense of attempted murder with a deadly weapon and was sentenced to 10 years in prison. Because the crime was committed while Plaintiff was in prison, the 10-year sentence was ordered to run consecutive to the 18-year sentence.

According to Plaintiff, prior to 1987 TDCJ cumulated consecutive sentences into an overall sentence total.  Parole and mandatory release eligibility dates were based upon the overall sentence total.  Plaintiff asserts on September 1, 1987, the State enacted a statute requiring each consecutive sentence to be served separately, and that parole and mandatory release eligibility dates be calculated separately.  An offender serving consecutive sentences was not allowed to begin serving a consecutive sentence until each sentence in a series "cease[s] to operate."  Prior to the Texas Court of Criminal Appeals' decision in Ex parte Ruthart, 980 S.W.2d 469 (Tex. Crim. App.  1998), TDCJ considered that a sentence ceased to operate when the offender reached his mandatory supervision release date.  In Ruthart the Texas Court of Criminal Appeals determined an inmate serving consecutive sentences is not eligible for mandatory supervision on any but the last of his consecutive sentences.  Id. at 473.

Plaintiff asserts on or about October 31, 1993, his calendar time plus good time equaled his 18-year sentence.  He contends he began serving his 10-year sentence at that time.  According to Plaintiff's calculations he should have discharged his 10-year sentence on October 31, 2003.  Plaintiff asserts he was released from prison on mandatory supervision on November 1, 2003, to serve the remainder of his 18-year sentence.  Plaintiff's supervision was revoked on September 14, 2004, and he was returned to prison for violating the terms of his release.  Upon his return, TDCJ allegedly added his 10-year sentence to his 18-year sentence, gave him no credit for the time he was on mandatory supervision and forfeited his previously earned good time credits.  Plaintiff argues TDCJ has incorrectly calculated his time credits.  He contends his 18-year sentence and his 10-year sentence should have been aggregated and his mandatory supervision date should have been calculated based on a 28-year sentence.  Stated differently, Plaintiff believes he should be released

3

to mandatory supervision when his flat time plus good time credits equal 100% of his total sentence. Plaintiff estimates his release date to be in or around September 2008, not July 7, 2014, as calculated by TDCJ.

Plaintiff has filed multiple time credit disputes.  He has also filed a state application for habeas corpus relief and a federal application for habeas corpus relief,[1] which were denied.  Plaintiff complains that the time credit dispute resolution system fails to provide a written statement by the fact-finder of the evidence or laws relied upon for the finding that no error exists in the time calculation.  Plaintiff alleges Defendants Williams and Webb have developed a system that deprives offenders an opportunity to resolve time credit disputes where they have authorized conclusory findings that fail to provide a written statement setting forth the facts and law upon which the findings are based, such that Plaintiff is unable to seek adequate, effective and meaningful assistance from the State Counsel for Offenders and/or convicting court.  He contends this violates both the First and Fourteenth Amendments of the United States Constitution.

Plaintiff also argues Defendant Vernon has been assigned the duty and power to provide Plaintiff further assistance in resolving time credit disputes and has a duty to enact administrative and investigative procedures that will adequately, effectively, and meaningfully provide resolution of time credit disputes.  Plaintiff details his attempts at obtaining assistance from the State Counsel for Offenders.  Plaintiff alleges Defendant Moore refuses to communicate facts and law concerning Plaintiff's consecutive sentences or otherwise assist Plaintiff with his time credit dispute, with

---

[1] Plaintiff's federal application for habeas corpus relief was denied by Judge Cummings of the United States District Court for the Northern District of Texas on March 8, 2007. See Hernandez v. Quarterman, No. 1:06-CV-069-C (consolidated with No. 1:06-CV-114-C) (N.D. Tex.).  Attached to the Respondent's answer in that case was a detailed affidavit of Terry Laskie explaining how Plaintiff's time credits were being calculated.

4

deliberate indifference to Plaintiff's liberty interest.  Plaintiff also alleges Defendant Vernon has failed to enact administrative policies that insure adequate, effective and meaningful communication between the State Counsel for Offenders and offenders that seek assistance in resolving time credit disputes.  He contends this also violates the First and Fourteenth Amendments to the United States Constitution.

With respect to his state application for habeas corpus relief Plaintiff complains the state district court failed to take any action on his state application for habeas corpus relief, and it was forwarded to the Court of Criminal Appeals.  He describes this common procedure as the "no action procedure."  Plaintiff alleges Defendants Self and Cannon misused Article 11.07's "no action procedure" to deprive him of his liberty at the predictable point where the convicting court failed its duty to decide whether controverted, previously unresolved issues of fact material to the legality of Plaintiff's confinement required a hearing and resolution of Plaintiff's time credit dispute.  He further complains the Court of Criminal Appeals authorizes such practice.  Again, Plaintiff contends this violates the First and Fourteenth Amendments to the United States Constitution.

<u>DISCUSSION AND ANALYSIS</u>

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as

liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Access to Courts

Prisoners have a constitutionally protected right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977); Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993). This right of access for prisoners is not unlimited. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Rather, it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2182 (1996). Thus, to prevail on a claim of denial of access to the courts under section 1983, a plaintiff must show an actual injury in connection with an identifiable legal proceeding. Id., 518 U.S. at 349-53, 116 S. Ct. at 2180.

Plaintiff does not allege he has been denied access to courts. Rather, he alleges he has been denied proof needed to be successful in court. As such, Plaintiff's allegations fail to "identify a 'nonfrivolous,' 'arguable' underlying claim" that Plaintiff was unable to pursue. Christopher v. Harbury, 536 U.S. 403, 415, 122 S. Ct. 2179, 2187 (quoting Lewis, 518 U.S. at 353 & n.3, 116 S. Ct. 2174, 1281 & n.3).

B.      Due Process

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 2705 (1972). In this case Plaintiff was provided all the

process that was due.  The law does not require that Plaintiff be provided with a written statement of reasons why his time credit dispute was not resolved in his favor.  In addition, the law does not require state courts to process state applications for habeas corpus relief in a manner acceptable to Plaintiff.  In sum, Plaintiff has not stated an actionable due process claim.[2]

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by

---

[2]  The Court is not certain whether Plaintiff is also attempting to make a substantive due process claim.  To succeed on a substantive due process claim, a plaintiff must cross two hurdles. First, he must allege a deprivation of a constitutionally protected right.  Mikeska v. City of Galveston, 451 F.3d 376, 379, (5th Cir. 2006); Simi Inv. Co. v. Harris County, 236 F.3d 240, 249 (5th Cir. 2000).  The second prong of the substantive due process test is whether the governmental action was "rationally related to a legitimate governmental interest."  Mikeska, 451 F.3d at 379; FM Props. Operating Co. v. City of Austin, 93 F.3d 167, 174 (5th Cir. 1996).  Plaintiff has not satisfied either prong.

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of December, 2007.


_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE